**Marlin Ashley PENN, Petitioner— Appellant,**

v.

**Ernest ROE (Warden CSP/LAC); California State Attorney General, Respondents—Appellees.**

No. 01–55792.

D.C. No. CV–99–04960–R.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2002.*

Decided Jan. 9, 2003.

Before BEEZER, KOZINSKI and WARDLAW, Circuit Judges.

MEMORANDUM**

We affirm the district court's dismissal of Appellant Marlin Penn's habeas corpus petition. Penn contends that his due process rights were violated when a California trial court ruled that he could be impeached with details of his prior convictions if he took the stand to testify in his own defense.

We have jurisdiction under 28 U.S.C. § 2253. Our review of the district court's decision is de novo. *Benn v. Lambert,* 283 F.3d 1040, 1051 (9th Cir.2002). Our resolution turns on whether the refusal of the California courts to set aside Penn's conviction "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d); *see also Early v. Packer,* —— U.S. ——, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002).

Penn's first argument, that the state trial court's impeachment ruling violated the terms of the stipulation, is defeated by the ample evidence suggesting the impeachment question was beyond the scope of the parties' agreement. The impeachment ruling was based on a reasonable determination of the facts and Penn identifies no legal error. The state trial court's ruling cannot justify relief under 28 U.S.C. § 2254.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a)(2).

Penn's second argument, that his stipulation was no knowing and voluntary, fails because he does not contest the validity of his prior convictions or that the state would have been able to prove them absent his stipulation. *See Lowell v. Prunty*, 91 F.3d 1358, 1359 (9th Cir.1996) (holding that failure to advise petitioner that his admission to prior convictions would add six years to his sentence did not justify issuance of a certificate of appealability). If there was any error surrounding the stipulation and Penn's ignorance of the potential for impeachment, it was harmless and "no court could resolve [Penn's] claim in a different matter." *Id.* Penn's petition was correctly denied by the district court and the judgment is AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.